UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Curtis L. Nelson and Ethel A. Nelson,

                        Plaintiffs,

                                                  Civ. No. 11-1161 (RHK/FLN)
                                                  **ORDER**

v.

American Home Assurance Co.,

                        Defendant.

---

      This matter is before the Court on Defendant's Motion for Continuance (Doc. No. 14) of Plaintiffs' Motion for Partial Summary Judgment.

      In this action, Plaintiffs Curtis and Ethel Nelson ("the Nelsons") seek a declaratory judgment that American Home Assurance Co. ("American Home") is obligated to provide insurance coverage to satisfy a judgment for damages admitted by its putative insured in a <u>Miller v. Shugart</u> settlement agreement.[1]  The Nelsons commenced this action on May 4, 2011.  (Doc. No. 1.)  The very next day, they filed a Motion for Partial Summary Judgment, seeking summary judgment on one issue related to coverage.  (See Doc. No. 2.)  A hearing on their motion was set for July 8, 2011.  American Home requested that the Nelsons agree to continue the hearing to allow more time to analyze facts related to various coverage issues, but its request was denied.  Accordingly,

---

[1] Pursuant to <u>Miller v. Shugart</u>, 316 N.W.2d 729 (Minn. 1982), a defendant who is putatively insured stipulates to a money judgment in favor of a plaintiff that is collectible from insurance proceeds.  Here, the Nelsons obtained such a settlement from the Metropolitan Council in an underlying case arising out of a construction project.  The Nelsons now seek to recover their money judgment from American Homes, but American Homes disputes coverage.

American Home has now moved for a continuance of the summary-judgment hearing and filed an affidavit outlining additional facts and discovery it claims it needs before it can defend against summary judgment. The Court has received and reviewed both parties' briefs on the Motion for Continuance.

In the Court's view, summary judgment should be continued. As American Home explains, facts supporting its defense have yet to be developed, and "summary judgment is proper only after the non-movant has had adequate time to engage in discovery." Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999); accord, e.g., Nolan v. Thompson, 521 F.3d 983, 986 (8th Cir. 2008); Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir. 2006). When faced with a motion for summary judgment, a party claiming that it has not had sufficient time for discovery may file an affidavit under Federal Rule of Civil Procedure 56(d) showing "what specific facts further discovery might unveil." Stanback, 180 F.3d at 911.[2] The Rule provides a "safeguard against an improvident or premature grant of summary judgment . . . and [it] should be applied with a spirit of liberality." United States *ex rel.* Bernard v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002).

Here, American Home has filed an Affidavit under Rule 56(d). Although the details in the Affidavit as to the additional discovery it hopes to obtain are somewhat sparse, it does identify five specific factual areas in which it needs discovery in order to defend itself on the coverage question on which Plaintiffs seek summary judgment. (See

---

[2] Prior to December 1, 2010, the authorization for such an affidavit was found in Federal Rule of Civil Procedure 56(f).

Doc. No. 16, ¶¶ 4-8.)  The Court concludes that the Affidavit is sufficient to comply with the "liberal" spirit of that Rule.  Id.  Furthermore, while a party need not wait until discovery is *completed* before moving for summary judgment, Stanback, 180 F.3d at 911, this case is truly in its infancy; American Home has been afforded *no* chance to obtain *any* discovery here.  A scheduling conference has yet to be held,[3] the parties have yet to exchange initial disclosures under Rule 26(a), and Plaintiffs' summary-judgment Motion came a mere day after its Complaint was filed.  Hence, the Court concludes that Defendant is entitled to attempt to obtain discovery in support of its defenses before summary-judgment consideration is appropriate.

Moreover, according to American Home, there are numerous threshold coverage issues that will need to be resolved in this action.  While this Court previously denied a Rule 56(d) request for a continuance in a case involving a similar coverage dispute, see Corn Plus Cooperative v. Continental Casualty Co., 444 F. Supp. 2d 981, 986 (D. Minn. 2006) (Doty, J.), aff'd 516 F.3d 674 (8th Cir. 2008), the numerous coverage questions at issue here make it more sensible to take up summary judgment regarding coverage after the parties have conducted at least some discovery and can address all the potential threshold questions, if they wish to do so.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that: (1) Defendant's Motion for Continuance (Doc. No. 14) is **GRANTED**; Plaintiffs' Motion for Summary Judgment as to Coverage (Doc. No. 2) is **DENIED**

---

[3] On the same date as it filed its Motion for Continuance, American Home requested that Magistrate Judge Noel set a scheduling conference in this case. (Doc. No. 18.)

without prejudice to refiling at a later date;[4] and (3) the hearing on Plaintiffs' Motion, currently scheduled for July 8, 2011, is **CANCELED**.


Dated: June 13, 2010                    s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge

---

[4] With Defendant now aware that Plaintiffs seek summary adjudication of the coverage issue(s), it should seek the discovery necessary to present its defense in an *expeditious* manner. As noted above, Plaintiffs are not precluded from re-filing their Motion for Summary Judgment before the discovery cut-off, as long as Defendant has been afforded "adequate time for discovery." Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).