UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Curtis and Ethel Nelson,

                Plaintiffs,

                              Civ. No. 11-1161 (RHK/FLN)
                              **ORDER**

v.

American Home Assurance Company,

                Defendant.

---

      This insurance-coverage dispute is before the Court for the third time. Previously, the Court determined that Defendant American Home Assurance Company ("American Home") (1) owed no duty to *indemnify* Plaintiffs for damages arising out of related state-court litigation, see Nelson v. Am. Home Assurance Co., 2011 WL 4640889 (D. Minn. Oct. 5, 2011), but (2) did owe a duty to *defend* in that action, which American Home had breached, see Nelson v. Am. Home Assurance Co., 2011 WL 6151519 (D. Minn. Dec. 12, 2011). The Court also determined that Plaintiffs were entitled to an award of attorneys' fees and costs incurred establishing American Home's breach of the duty to defend. See id. at *5. Presently before the Court is Plaintiffs' Motion for such an award (Doc. No. 139), in which they seek nearly $160,000 in fees and costs. For the reasons that follow, Plaintiffs' Motion will be granted in part.

      The background in this action is set forth in detail in the Court's prior opinions and will not be repeated here; familiarity with that background is presumed. In its most recent Order, the Court determined that Plaintiffs were entitled to recover fees and costs

incurred establishing American Home's breach of the duty to defend, but not expenses incurred litigating the duty to indemnify.  Both sides agree that such an award must be limited to *reasonable* fees and costs (see Pl. Mem. at 4; Def. Mem. at 4), in accordance with Minnesota law, see, e.g., Domtar, Inc. v. Niagara Fire Ins. Co., 563 N.W.2d 724, 738-39 (Minn. 1997).

Plaintiffs argue that they reasonably expended $159,541.22 establishing American Home's breach of the duty to defend.[1]  They have broken down such expenses into two categories:  (1) fees and costs incurred *before* the Court's decision on the duty to indemnify ($72,382.24), at which point *both* the duty to defend and the duty to indemnify were in question, and (2) fees and costs incurred *after* the Court's decision on the duty to indemnify ($87,158.98), at which point only the duty to defend remained at issue.  There are at least two problems with Plaintiffs' argument.

First, the Court has already counseled Plaintiffs that they "may not recover fees and costs incurred litigating the [indemnity] issue, which has already been decided against them." Nelson, 2011 WL 6151519, at *5.  Yet, their first requested category of fees includes amounts expended litigating *both* the duty to indemnify *and* the duty to defend.  To be sure, Plaintiffs have attempted to "fair[ly] apportion" those fees between the two duties, reducing by half the amount they expended before the Court ruled that

---

[1] Plaintiffs also seek (1) $4,931 in defense costs incurred in the underlying action and (2) prejudgment interest on that amount, and American Home does not appear to challenge Plaintiffs' entitlement to either.  Under Minnesota law, the appropriate prejudgment interest rate is 10%, calculated from "the date the request for payment . . . was made to the insurer" to the date the judgment is entered.  Minn. Stat. § 60A.0811.  Accordingly, Plaintiffs may recover prejudgment interest from May 4, 2011 (the date they filed this action) to the date judgment is entered; assuming that is the same date as this Order, the Court calculates prejudgment interest as $403.41 ($4,931 x 303 days at a rate of .027% per day).

they had failed to establish a duty to indemnify.  (See Pl. Mem. at 3-4.)  Yet, Plaintiffs offer no justification for their *ad hoc* 50% reduction, and the Court finds such a reduction inadequate.

In the undersigned's view, Plaintiffs undertook a "scorched earth" approach to this case, litigating the narrower (and more complex) duty to indemnify before the broader (and significantly more straightforward) duty to defend.  The duty to defend "is triggered when a complaint alleges claims arguably falling within the scope of the policy."  Nelson, 2011 WL 6151519, at *2 (emphases deleted).  To determine whether such a duty exists, a court need only "compare the allegations in the *complaint* in the underlying action with the relevant language in the *insurance policy*."  Meadowbrook, Inc. v. Tower Ins. Co., 559 N.W.2d 411, 415 (Minn. 1997) (emphases in original).  Hence, Plaintiffs could have sought a ruling on the duty to defend as soon as they filed this action, without discovery or Motion practice – that is, without incurring significant expense.  Instead, they opted to litigate the wholly distinct – but far more difficult – question of indemnification, likely because their potential recovery on that issue was significantly higher.  They should not be rewarded for that ill-advised tactical decision.  See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 434-35 (1983) (fees should not be awarded for time expended on unrelated and unsuccessful claim).

Second, a reasonable fee is calculated using the "lodestar" method, multiplying the reasonable number of hours expended by a reasonable hourly rate and then adjusting the result upward or downward as appropriate.  See, e.g., Domtar, 563 N.W.2d at 741.  Two key considerations regarding the reasonable number of hours expended and the

reasonableness of the hourly rates charged are (1) the difficulty of the issue presented and (2) the results obtained. These factors militate strongly against the fees and costs sought by Plaintiffs here.

As noted above, the duty-to-defend issue was a simple one that should not have required a significant number of hours to litigate, and certainly not the 550 hours for which Plaintiffs now seek reimbursement. Nor should that issue have necessitated the involvement of *five separate attorneys*, including one who billed as much as $480 per hour, as Plaintiffs' fee request indicates. Moreover, despite their success on the duty to defend, the amount Plaintiffs could recover (and did recover) for breach of that duty was relatively small, just under $5,000. While it is not necessarily improper to award fees and costs exceeding the amount recovered on a claim, "[t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded." City of Riverside v. Rivera, 477 U.S. 561, 574 (1986); see also Milner v. Farmers Ins. Exch., 748 N.W.2d 608, 623 (Minn. 2008) ("The court should focus on whether the hours expended are reasonable in relation to the overall relief obtained."); Holt v. Swenson, 90 N.W.2d 724, 729 (Minn. 1958) (noting "the amount involved" is properly considered in setting reasonable fee).

For these reasons, and based on all of the factors relevant to an award of reasonable fees and costs, see Milner, 748 N.W.2d at 621, the Court concludes that Plaintiffs should recover $27,000 for establishing American Home's breach of the duty to defend. Such an award – which equates to 75 hours of work at the average hourly rate of

$360 for Plaintiffs' five attorneys – is, in the Court's view, "reasonable in relation to the results obtained." Id. at 624 (quoting Hensley, 461 U.S. at 440).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiffs' Motion for Attorney Fees and Costs Award (Doc. No. 139) is **GRANTED IN PART**.  Plaintiffs shall recover of Defendant American Home Assurance Company the sum of $32,334.41, comprising $4,931 in compensatory damages, $403.41 in prejudgment interest, and $27,000 in attorneys' fees and costs.

Judgment shall be entered in favor of Plaintiffs and against American Home in the amount of $32,334.41.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: March 1, 2012                              s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge